**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 98-1975

---

FRANK DAVID HILL,

Plaintiff - Appellant,

versus

LIGHTMOTIVE FAT MAN, INCORPORATED; TRANSAMER-
ICA INSURANCE COMPANY,

Defendants - Appellees.

---

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, District
Judge.  (CA-97-165-F)

---

Submitted:  August 27, 1998      Decided:  September 11, 1998

---

Before NIEMEYER and HAMILTON, Circuit Judges, and BUTZNER, Senior
Circuit Judge.

---

Dismissed in part and affirmed in part by unpublished per curiam
opinion.

---

Frank David Hill, Appellant Pro Se.  Richard Whitlowe Ellis, Neil
Alvin Riemann, SMITH, HELMS, MULLIS & MOORE, Raleigh, North Caro-
lina; Kimberly Quade Cacheris, Jill Quattlebaum Byrum, Kevin D.
Elliott, MORRIS, YORK, WILLIAMS, SRULES & BREARLEY, Charlotte,
North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Appellant filed an untimely notice of appeal of the final order in his civil action. We dismiss the appeal of this order for lack of jurisdiction. The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Parties to civil actions have thirty days within which to file in the district court notices of appeal from judgments or final orders. Fed. R. App. P. 4(a)(1). The only exceptions to the appeal period are when the district court extends the time to appeal under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).

The district court entered its final order on April 7, 1998; Appellant's notice of appeal was filed on June 22, 1998, which is beyond the thirty-day appeal period. Appellant's failure to note a timely appeal or obtain an extension of the appeal period leaves this court without jurisdiction to consider the merits of Appellant's appeal. We therefore dismiss the appeal of the final order.

The appeal of the denial of Appellant's motion to reconsider is timely. The district court correctly denied the motion, construed as a Fed. R. Civ. P. 60 motion, because Appellant only reargued the merits of his appeal and did not raise any ground

2

meriting Rule 60 relief. We therefore affirm the denial of Appellant's motion for reconsideration.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART; AFFIRMED IN PART</u>

3